# IN THE COURT OF APPEALS OF IOWA

No. 20-0340
Filed December 16, 2020

**ALFRED P. KOPZYCK,**
        Plaintiff-Appellant,

**vs.**

**CITY OF DUBUQUE BUILDING CODE BOARD OF APPEALS,**
        Defendant-Appellee.

_____

        Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi

Wittig, Judge.

        Property owner appeals a remand order issued in response to his petition

for writ of certiorari.  **AFFIRMED.**

        Stuart G. Hoover, East Dubuque, Illinois, for appellant.

        Maureen Quann, Assistant City Attorney, Dubuque, for appellee.

        Considered by Doyle, P.J., and Mullins and Greer, JJ.

**MULLINS, Judge.**

Alfred Kopzyck filed a petition for writ of certiorari and request for stay of action taken by the City of Dubuque Building Code Board of Appeals (Board), after the Board denied his challenge to a notice of violation of an ordinance requiring him to license a vacant building. The district court did not issue a writ and require a return, but set the petition for a hearing pursuant to Iowa Rule of Civil Procedure 1.1406. After the hearing, at which the parties submitted numerous exhibits, which appear to constitute the record, as it existed, the court concluded the Board failed to follow city rules and procedures and ordered a remand to the Board to proceed pursuant to the rules and procedures found in the city code. Kopzyck filed a motion to enlarge, modify, and correct, which was denied by the district court. Kopzyck appeals, raising three issues: the court exceeded its jurisdiction by remanding the matter to the Board and erred in not issuing a writ after the hearing and failing to order a full return of the writ and provide sufficient advance notice.

At the root of Kopzyck's petition for writ of certiorari and this appeal is his claim he was denied due process before the Board. "Our review by certiorari is not de novo, but where violations of basic constitutional safeguards are involved we make our own evaluation of the facts from the totality of the circumstances." *Iowa Freedom of Info. Council v. Wifvat*, 328 N.W.2d 920, 922 (Iowa 1983). "It is the rule that certiorari proceedings may be remanded where the inferior tribunal has not proceeded according to law and the mistake may be corrected upon a further hearing." *Watson v. Charlton*, 50 N.W.2d 605, 611 (Iowa 1951). We need not decide whether the district court should have issued a writ and required a return because, as a practical matter, there appears no dispute that at the hearing the

court had before it the record that was made before the Board; thus, there was substantial compliance. Kopzyck had adequate notice of the hearing and fully participated, including submission of exhibits. Kopzyck was not prejudiced. In fact, he convinced the district court the Board had not followed the city's own rules and procedures designed to provide due process. He did not get the relief he wanted, but the court ordered a remedy.

We agree with the district court that the Board did not follow the requirements of the city code and that the remand remedy was appropriate under the circumstances of this case. We affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(c), (d), and (e).

**AFFIRMED.**